PATRICIA A. DAZA-LUU (SBN: 261564)
pdazaluu@nicolaidesllp.com
JACOB F. MELI (SBN: 293143)
jmeli@nicolaidesllp.com
NICOLAIDES FINK THORPE
MICHAELIDES SULLIVAN LLP
777 South Figueroa St., Suite 750
Los Angeles, CA 90017
Telephone:    (213) 402-1245
Facsimile:    (213) 402-1246

Attorneys for Defendant
GENERAL INSURANCE
COMPANY OF AMERICA

HAROUT GREG KEOSIAN (SBN: 236352)
hgk@keosianlaw.com
ZAREH JACK KEOSIAN (SBN: 303278)
zjk@keosianlaw.com
EILEEN KEUSSEYAN (SBN: 149482)
ek@keosianlaw.com
KEOSIAN LAW LLP
16530 Ventura Boulevard, Suite 555
Encino, California 91436
Telephone:  (818) 986-9331
Facsimile:   (818) 986-9341

Attorneys for Plaintiff
VAHE KHACHUNTS

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VAHE KHACHUNTS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>GENERAL INSURANCE COMPANY OF AMERICA, a New Hampshire corporation; DOES 1 through 100, Inclusive,<br><br>Defendants. | Case No. 2:22-cv-09325-SPG (KSx)<br><br>**JOINT APPENDIX OF OBJECTIONS**<br><br><u>**Accompanying Documents:**</u><br>Joint Notice of Motion and Joint Brief; Joint Appendix of Facts; Joint Appendix of Evidence; Declaration of Patricia A. Daza-Luu; Declaration of Laura Curtis; Declaration of Brett Allen; Supplemental Declaration of Patricia A. Daza-Luu; |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Declaration of Vahe Khachunts;
Declaration of Zareh Keosian;
Declaration of Christopher Croisdale;
Declaration of Maribeth Danko;
Declaration of Tim Howard; Proposed
Order

Date:      November 1, 2023
Time:      1:30 p.m.
Dept.:     5C
Judge:     Hon. Sherilyn Peace Garnett

State Court Complaint filed:
November 16, 2022

JOINT APPENDIX OF OBJECTIONS

**TO THE HONORABLE COURT, AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Plaintiff Vahe Khachunts and Defendant General Insurance Company of America ("General") hereby submit this Joint Appendix of Objections.

| Objector | Evidence | Objection (O) / Response (R) | Ruling |
|---|---|---|---|
| Plaintiff | 1. "All of the documents referenced in this declaration were entered into General's claim system at or near the date stated on the document, where they have been stored as a business record since that time. To the best of my knowledge, none of the files have been altered or amended since that time. To the best of my knowledge, none of the files have been altered or amended since that time." (Brett Allen Decl. ¶ 2.) | O: Lacks foundation and witness lacks personal knowledge. (Federal Rule of Evidence "FRE" 602.) Inadmissible hearsay. (FRE 801, 802.)<br><br>R: Mr. Allen served as the property adjuster for Plaintiff's claim. The exhibits attached to Mr. Allen's declaration are properly authenticated business records. FRE 803(6). | S/O |
| Plaintiff | 2. "Plaintiff reported that the burglars damaged two floor tiles in the kitchen area of his home located at 13416 Chandler Boulevard, Sherman Oaks, California 91401." (Brett Allen Decl. ¶ 4.) | O: Lacks foundation and witness lacks personal knowledge. (FRE 602.) Inadmissible hearsay. (FRE 801, 802.)<br><br>R: Mr. Allen served as the property adjuster for Plaintiff's claim. Further, this is a party admission and therefore is not hearsay. FRE 801(d)(2). | S/O |
| Plaintiff | 3. "Plaintiff did not agree with a repair of the two tiles but instead requested that all first-floor tile be replaced. General hired Blake Services, Inc. | O: Lacks foundation and witness lacks personal knowledge. (FRE 602.) Inadmissible hearsay. (FRE 801, 802.) | S/O |

| | | | | |
|---|---|---|---|---|
| | | ("Blake Services") to inspect the damaged tile, and determine if a repair could achieve a reasonably uniform appearance with the undamaged areas of Plaintiff's tile floors." (Brett Allen Decl. ¶ 5.) | R: Mr. Allen served as the property adjuster for Plaintiff's claim.  Further, this is a party admission and therefore is not hearsay. FRE 801(d)(2). | |
| | Plaintiff | 4. "…which report is attached to my declaration as Exhibit 2." (Brett Allen Decl. ¶ 6.) | O: Lacks foundation and witness lacks personal knowledge. (FRE 602.) Inadmissible hearsay. (FRE 801, 802.) Improper opinion testimony. (FRE 701-703.)<br><br>R: Mr. Allen served as the property adjuster for Plaintiff's claim and communicated directly with flooring expert Blake Services.  The exhibits attached to Mr. Allen's declaration are properly authenticated business records. FRE 803(6). | S/O |
| | Plaintiff | 5. "All of the documents referenced in this declaration were entered into General's claim system at or near the date stated on the document, where they have been stored as a business record since that time. To the best of my knowledge, none of the files have been altered or amended since that time. To the best of my knowledge, none of the files have been altered or amended | O: Lacks foundation and witness lacks personal knowledge. (FRE 602.) Inadmissible hearsay. (FRE 801, 802.)<br><br>R: Ms. Curtis served as the claims adjuster for Plaintiff's claim.  The exhibits attached to Ms. Curtis's declaration are properly authenticated | S/O |

| | | | |
|---|---|---|---|
| | | since that time." (Laura Curtis Decl. ¶ 2.) | business records. FRE 803(6). | |
| Plaintiff | 6. "In connection with the Claim, Plaintiff reported damage to his home as well as stolen valuable property. Attached as Exhibit 2 to my declaration is a true and correct copy of an excerpt from the Loss Details report." (Laura Curtis Decl. ¶ 5.) | O: Lacks foundation and witness lacks personal knowledge. (FRE 602.) Inadmissible hearsay. (FRE 801, 802.)<br><br>R: Ms. Curtis served as the claims adjuster for Plaintiff's claim. The exhibits attached to Ms. Curtis's declaration are properly authenticated business records. FRE 803(6). Further, Plaintiff's statement is a party admission and therefore is not hearsay. FRE 801(d)(2) | S/O |
| Plaintiff | 7. "As part of the Claim, Plaintiff reported damage to his kitchen tile floor. General inspected the damage and prepared an estimate. Attached as Exhibit 3 to my declaration is a true and correct copy of a repair estimate dated December 13, 2021." (Laura Curtis Decl. ¶ 6.) | O: Lacks foundation and witness lacks personal knowledge. (FRE 602.) Inadmissible hearsay. (FRE 801, 802.) Improper opinion testimony. (FRE 701-703.)<br><br>R: Ms. Curtis served as the claims adjuster for Plaintiff's claim. The exhibits attached to Ms. Curtis's declaration are properly authenticated business records. FRE 803(6). | S/O |
| Plaintiff | 8. "In January 2022, General paid Plaintiff for the damage to his home (including the kitchen | O: Lacks foundation and witness lacks personal knowledge. (FRE 602.) | S/O |

| | | | |
|---|---|---|---|
| | floor tile) pursuant to the repair estimate attached as Exhibit 3. Attached as Exhibit 4 to my declaration is a true and correct copy of letter dated January 7, 2022 regarding General's payment." (Laura Curtis Decl. ¶ 7.) | Inadmissible hearsay. (FRE 801, 802.)<br><br>R: Ms. Curtis served as the claims adjuster for Plaintiff's claim.  The exhibits attached to Ms. Curtis's declaration are properly authenticated business records. FRE 803(6). | |
| Plaintiff | 9. "Additional amounts were paid to Plaintiff in April 2022 based on Blake Services, Inc.'s inspections and recommendations related to the tile floor repair. Attached as Exhibit 5 to my declaration is a true and correct copy of General's Loss Payment Record for the Claim, reflecting such payment." (Laura Curtis Decl. ¶ 8.) | O: Lacks foundation and witness lacks personal knowledge. (FRE 602.) Inadmissible hearsay. (FRE 801, 802.)<br><br>R: Ms. Curtis served as the claims adjuster for Plaintiff's claim.  The exhibits attached to Ms. Curtis's declaration are properly authenticated business records. FRE 803(6). | S/O |
| Plaintiff | 10. "However, to date, it is General's understanding that Plaintiff has not completed any of the repairs paid for by General to his home." (Laura Curtis Decl. ¶ 9.) | O: Lacks foundation and witness lacks personal knowledge. (FRE 602.) Inadmissible hearsay. (FRE 801, 802.) Improper opinion testimony. (FRE 701-703.)<br><br>R: Ms. Curtis served as the claims adjuster for Plaintiff's claim.  The exhibits attached to Ms. Curtis's declaration are properly authenticated | S/O |

| | | | |
|---|---|---|---|
| | | business records. FRE 803(6). | |
| Plaintiff | 11. "Also in connection with the Claim, General adjusted Plaintiff's claim for his stolen personal property. Attached as Exhibit 6 to my declaration is a true and correct copy of a personal property estimate dated April 26, 2022." (Laura Curtis Decl. ¶ 10.) | O: Lacks foundation and witness lacks personal knowledge. (FRE 602.) Inadmissible hearsay. (FRE 801, 802.) Improper opinion testimony. (FRE 701-703.)<br><br>R: Ms. Curtis served as the claims adjuster for Plaintiff's claim.  The exhibits attached to Ms. Curtis's declaration are properly authenticated business records. FRE 803(6). | S/O |
| Plaintiff | 12. "Pursuant to Exhibit 6, General paid $98,210.12 for the actual cash value ("ACV") of Plaintiff's stolen personal property, which amounts are requested in Exhibit 5, the Loss Payment Record." (Laura Curtis Decl. ¶ 11.) | O: Lacks foundation and witness lacks personal knowledge. (FRE 602.) Inadmissible hearsay. (FRE 801, 802.)<br><br>R: Ms. Curtis served as the claims adjuster for Plaintiff's claim.  The exhibits attached to Ms. Curtis's declaration are properly authenticated business records. FRE 803(6). | S/O |
| General | **Objections to Declaration of Maribeth Danko ("Danko Decl") (Exhibits A-B)** | | |
| | In my opinion, the claims handling of General Insurance Company ("General") performed on Plaintiff's claim for losses suffered on or about | Irrelevant (FRE 401; 402); Lacks foundation (FRE 705); Legal conclusion (FRE 704); | S/O |

| | | | |
|---|---|---|---|
| | August 27, 2021 ("Plaintiff's Claim") fell well below insurance industry Standards of Care. General failed to properly and fairly investigate Plaintiff's claim, specifically with regard to Plaintiff's claim for damaged tile under the Dwelling portion of his Policy. General's failures led to serious, unreasonable, unfair, and extensive delays in calculating and paying Plaintiff's claim. (Danko Decl. ¶ 18). | Inadmissible expert opinion (FRE 702);<br><br>Plaintiff has failed to provide any foundation for Ms. Danko's opinion on the proposed construction methodology for the at-issue tile repair, where Ms. Danko does not appear to have any construction background. Further, Ms. Danko's opinions are irrelevant and lack foundation as to whether the proposed repair strategies comply with the Policy and pertinent insurance regulations. Ms. Danko's opinions are irrelevant as to this Court's interpretation of the contract language as applied to the facts. "[O]pinion evidence is completely irrelevant to interpret an insurance contract." *Quan v. Truck Ins. Exchg.,* 67 Cal. App. 4th 583, 602 (1996) (opinion testimony on coverage is irrelevant). The Court will interpret the Policy. *Waller v. Truck Ins. Exchg.*, 11 Cal. 4th 11, 18 (1995). Like contract and policy interpretation, statutory and regulatory | |

| | | | | |
|---|---|---|---|---|
| | | | interpretation is a question of law. *Suman v. BMW of North America, Inc.*, 23 Cal. App. 4th 1, 9 (1994); *Bates v. Poway Unified School Dist.*, 83 Cal. App. 5th 907, 920-921 (2022). Ms. Danko's opinion appears to consist entirely of conclusory opinions on the ultimate legal issues for this Court to decide. | |
| | General | General improperly and falsely tried to require Plaintiff to damage one portion of his house in order to repair another portion. General's only plan of action was to require Plaintiff to render a portion of the kitchen unusable in the future by taking tiles from one area and placing them in another. To be certain, no such requirement of an insured exists in the policy or insurance regulations. This was a highly unusual and oppressive action. (Danko Decl. ¶ 19) | Irrelevant (FRE 401; 402); Lacks foundation (FRE 705); Legal conclusion (FRE 704); Inadmissible expert opinion (FRE 702) Ms. Danko's opinions fail to lay the foundation as to how the proposed repair strategies would damage Plaintiff's home. Further, her opinions mischaracterize the evidence because multiple repair options were made available to Plaintiff.  (*See* Joint Appendix of Facts, 21-22.) Ms. Danko's opinions lack foundation as to the statement "render a portion of the kitchen unusable in the future" as it is unclear what this means when there were multiple repair options available. | S/O |

| | | | | |
|---|---|---|---|---|
| | | | Ms. Danko's opinions are irrelevant and lack foundation as to whether the proposed repair strategies comply with the Policy and pertinent insurance regulations. Danko's opinions are irrelevant as to this Court's interpretation of the contract language as applied to the facts. "[O]pinion evidence is completely irrelevant to interpret an insurance contract." *Quan v. Truck Ins. Exchg.*, 67 Cal. App. 4th 583, 602 (1996) (opinion testimony on coverage is irrelevant). The Court will interpret the Policy. *Waller v. Truck Ins. Exchg.*, 11 Cal. 4th 11, 18 (1995). Like contract and policy interpretation, statutory and regulatory interpretation is a question of law. *Suman v. BMW of North America, Inc.*, 23 Cal. App. 4th 1, 9 (1994); *Bates v. Poway Unified School Dist.*, 83 Cal. App. 5th 907, 920-921 (2022).<br><br>Ms. Danko's opinion appears to consist entirely of conclusory opinions on | |

| | | | |
|---|---|---|---|
| | | the ultimate legal issues for this Court to decide. | |
| General | General elected to pursue a cumbersome, tedious, and labor-intensive claim process that was guaranteed to take excessive time and produce unreasonable hurdles for Plaintiff. Had General followed industry Standard of Care and best practices, General could have determined what payments were owed to Plaintiff for Dwelling tile coverage (and related costs) in a fair and timely manner. Instead, General repeatedly and improperly placed the burden on its insured to accept an insufficient, unreasonable, and unworkable tile "repair". (Danko Decl. ¶ 20) | Irrelevant (FRE 401; 402); Lacks foundation (FRE 705); Legal conclusion (FRE 704)<br><br>Ms. Danko's opinions lack foundation as to what comprised the "labor intensive claim process" and whether this solely pertains to the investigation, or includes the contents and remaining dwelling portion of the claim. Ms. Danko fails to provide any support for this opinion, or how General should have handled the claim differently. Ms. Danko does not provide the basis as to why the proposed repair strategy was "insufficient, unreasonable, and unworkable."<br><br>Ms. Danko's opinions are irrelevant and lack foundation as to whether the proposed repair strategies comply with the Policy and pertinent insurance regulations. Danko's opinions are irrelevant as to this Court's interpretation of the contract language as applied to the facts. | S/O |

| | | | | |
|---|---|---|---|---|
| | | | "[O]pinion evidence is completely irrelevant to interpret an insurance contract." *Quan v. Truck Ins. Exchg.*, 67 Cal. App. 4th 583, 602 (1996) (opinion testimony on coverage is irrelevant). The Court will interpret the Policy. *Waller v. Truck Ins. Exchg.*, 11 Cal. 4th 11, 18 (1995). Like contract and policy interpretation, statutory and regulatory interpretation is a question of law. *Suman v. BMW of North America, Inc.*, 23 Cal. App. 4th 1, 9 (1994); *Bates v. Poway Unified School Dist.*, 83 Cal. App. 5th 907, 920-921 (2022). | |
| General | General also sent Plaintiff misleading, confusing, and deceptive correspondence. (Danko Decl. ¶ 21) | Irrelevant (FRE 401; 402); Lacks foundation (FRE 705); Legal conclusion (FRE 704)<br><br>Ms. Danko fails to cite to any specific correspondence from General that supports this opinion. | S/O |
| General | General ignored this and, contrary to Standard of Care, rather than allowing for replacement of tiles to conform to a reasonably uniform appearance and to restore the damaged property to no less | Irrelevant (FRE 401; 402); Lacks foundation (FRE 705); Legal conclusion (FRE 704); Inadmissible expert opinion (FRE 702) | S/O |

| | |
|---|---|
| than its condition prior to the loss, General required the insured to damage one section of the kitchen in order to "repair" another (GICA000756-GICA000759). In this case, Standard of Care would require replacement of the entirety of the tiles. (Danko Decl. ¶ 23, Ex. B) | Ms. Danko does not provide the basis for opining that General ignored Plaintiff, nor does she provide the basis for how General diverged from the Standard of Care. Ms. Danko does not explain the basis for her opinion that the proposed repair strategy would cause damage. Ms. Danko's opinions are irrelevant and lack foundation as to whether the proposed repair strategies comply with the Policy and pertinent insurance regulations.

Further, Ms. Danko appears to misstate the applicable regulations and the Policy's requirements by arguing that General must "restore the damaged property to no less than its condition prior to the loss" absent reference to any of the other applicable Policy provisions and regulations.

Ms. Danko's opinions are irrelevant as to this Court's interpretation of the contract language as applied to the facts. "[O]pinion evidence is |

| | | | |
|---|---|---|---|
| | | completely irrelevant to interpret an insurance contract." *Quan v. Truck Ins. Exchg.*, 67 Cal. App. 4th 583, 602 (1996) (opinion testimony on coverage is irrelevant). The Court will interpret the Policy. *Waller v. Truck Ins. Exchg.*, 11 Cal. 4th 11, 18 (1995). Like contract and policy interpretation, statutory and regulatory interpretation is a question of law. *Suman v. BMW of North America, Inc.*, 23 Cal. App. 4th 1, 9 (1994); *Bates v. Poway Unified School Dist.*, 83 Cal. App. 5th 907, 920-921 (2022). | |
| General | The report that General allegedly based its decision on (GICA000760-GICA000774) should never have passed internal claim department scrutiny or review. General would have known the recommendations did not conform to requirements for reasonable uniform appearance or restoration of the home to pre-loss condition. This is not Standard of Care. The company blocked Plaintiff from receiving payments due. When asked to reconsider its position, General refused to consider Plaintiff's perspective | Lacks foundation (FRE 705); Irrelevant (FRE 401, 402); Legal conclusion (FRE 704); Inadmissible expert opinion (FRE 702) Ms. Danko failed to lay the foundation as to why the Blake Services report "should never have passed internal claim department scrutiny or review." There is no support for the standards on which Ms. Danko relies to attempt to discredit the Blake Services report. | S/O |

| | | |
|---|---|---|
| or interests, and instead stood behind a misleading, false, unreasonable narrative to support its own interests. This is a red flag indicator to me of misleading, oppressive, and punitive actions in the claim handling. (Danko Decl. ¶ 25, Ex. C) | Further, Ms. Danko fails to show how General "blocked" Plaintiff from receiving payments, what false statements were made, or how General ignored/failed to consider Plaintiff's position. Ms. Danko's opinions are irrelevant and lack foundation as to whether the proposed repair strategies comply with the Policy and pertinent insurance regulations. Danko's opinions are irrelevant as to this Court's interpretation of the contract language as applied to the facts. "[O]pinion evidence is completely irrelevant to interpret an insurance contract." *Quan v. Truck Ins. Exchg.*, 67 Cal. App. 4th 583, 602 (1996) (opinion testimony on coverage is irrelevant). The Court will interpret the Policy. *Waller v. Truck Ins. Exchg.*, 11 Cal. 4th 11, 18 (1995). Like contract and policy interpretation, statutory and regulatory interpretation is a question of law.  *Suman v. BMW of North America, Inc.*, 23 Cal. App. 4th 1, 9 (1994); *Bates v. Poway Unified* | |

| | | | |
|---|---|---|---|
| | | *School Dist.*, 83 Cal. App. 5th 907, 920-921 (2022). Ms. Danko's opinion is conclusory and takes on the court's role to provide a legal conclusion. | |
| General | From the outset, General failed to meet the Standard of Care in its investigation of Plaintiff's claim by not determining the full scope and costs of the tile items, including the line-item costs of Plaintiff's rebuild payable under the Dwelling portion of his Policy, whether submitted by Plaintiff or discovered during Generals' investigation—in a thorough, fair, objective, and timely manner. (Danko Decl. ¶ 29) | Lacks foundation (FRE 705); Irrelevant (FRE 401, 402); Legal conclusion (FRE 704); Inadmissible expert opinion (FRE 702) Ms. Danko's opinions regarding how General has failed to meet the standard of care are not supported.  Plaintiff has not outlined how General was in violation of the standard of care tenets cited by Ms. Danko. | S/O |
| General | Plaintiff submitted an estimate from Calstar Restoration for reconstruction (including tile replacement) (GICA0000157). General disregarded this estimate and did not attempt to properly and fairly reconcile this estimate with its own scope and estimate. General refused to pay the claim based on the Calstar scope and estimate, then forced the claim to a slow crawl by not taking reasonable and proper investigative steps to determine the expected costs for tile replacement. General then tried to pressure and force the insured to accept a non- | Lacks foundation (FRE 705); Irrelevant (FRE 401, 402) Legal conclusion (FRE704) Ms. Danko does not lay the foundation as to why General's actions were not reasonable and proper during the course of the first party claims investigation.  General obtained its own consultant and conducted its own investigation on the basis that it did not agree with Plaintiff's consultant. | S/O |

| | | | |
|---|---|---|---|
| | | standard and unacceptable repair method. (Danko Decl. ¶ 32, Ex. D) | Ms. Danko's opinion appears to consist entirely of conclusory opinions on the ultimate legal issues for this Court to decide. | |
| | General | The insurance industry Standard of Care requires that insurer communications with insureds be clear, consistent, accurate, and truthful. Industry practices and the Standard of Care require conforming to Insurance Code Section 790.03(h)(1), which prohibits "Misrepresenting to claimants pertinent facts or insurance policy provisions relating to any coverages at issue." General persisted in falsely requiring Plaintiff to accept a sub-standard "repair" while not informing Plaintiff of its true obligations. (Danko Decl. ¶ 34) | Lacks foundation (FRE 705); Irrelevant (FRE 401, 402) Legal conclusion (FRE704) Ms. Danko does not lay the foundation as to how General's proposed repair strategies to Plaintiff were substandard. Ms. Danko's opinions are irrelevant and lack foundation as to whether the proposed repair strategies comply with the Policy. Danko's opinions are irrelevant as to this Court's interpretation of the contract language as applied to the facts. "[O]pinion evidence is completely irrelevant to interpret an insurance contract." *Quan v. Truck Ins. Exchg.*, 67 Cal. App. 4th 583, 602 (1996) (opinion testimony on coverage is irrelevant). The Court will interpret the Policy. *Waller v. Truck Ins. Exchg.*, 11 Cal. 4th 11, 18 (1995). Like contract and policy interpretation, statutory and regulatory interpretation is a | S/O |

| | | | | |
|---|---|---|---|---|
| | | | question of law. *Suman v. BMW of North America, Inc.*, 23 Cal. App. 4th 1, 9 (1994); *Bates v. Poway Unified School Dist.*, 83 Cal. App. 5th 907, 920-921 (2022).<br><br>Ms. Danko's opinion appears to consist entirely of conclusory opinions on the ultimate legal issues for this Court to decide. | |
| | General | On this point, General repeatedly provided Plaintiff false information. For example, in its email to Plaintiff of April 8, 2022, the claim adjuster stated: "…According to the department of insurance guidelines we owe for a reasonable uniform appearance. Since the tile behind the cabinets and behind the built-in fridge will never be exposed a reasonable uniform appearance can be made as the visible tiles will be replaced with the existing tiles that match. As a repair to the tile is possible to put you back in the pre-loss condition this is what we owe under the policy". (GICA000393). This is not a Standard of Care application of the Regulations. Rather, it is a distorted use of portions of the Regulations to block payment and deceive the policyholder regarding the amounts due. | Lacks foundation (FRE 705); Irrelevant (FRE 401, 402) Legal conclusion (FRE704)<br><br>Ms. Danko does not submit any foundation for her position that Plaintiff must be able to "reconfigure home" with "non-matching tile." Further, the phrase "pre-loss condition" is not set forth in the Policy, and misstates the applicable regulations.<br><br>Ms. Danko's opinions are irrelevant and lack foundation as to whether the proposed repair strategies comply with the Policy and pertinent insurance regulations. Danko's opinions are irrelevant as to this Court's interpretation of | S/O |

| | | Further, General failed to consider the policyholder's concerns about actually restoring the home to pre-loss condition, and preserving his option to reconfigure the kitchen in the future without having to deal with non-matching tile. (Danko Decl. ¶35, Ex. E) | the contract language as applied to the facts. "[O]pinion evidence is completely irrelevant to interpret an insurance contract." *Quan v. Truck Ins. Exchg.*, 67 Cal. App. 4th 583, 602 (1996) (opinion testimony on coverage is irrelevant). The Court will interpret the Policy. *Waller v. Truck Ins. Exchg.*, 11 Cal. 4th 11, 18 (1995). Like contract and policy interpretation, statutory and regulatory interpretation is a question of law. *Suman v. BMW of North America, Inc.*, 23 Cal. App. 4th 1, 9 (1994); *Bates v. Poway Unified School Dist.*, 83 Cal. App. 5th 907, 920-921 (2022). Ms. Danko's opinion appears to consist entirely of conclusory opinions on the ultimate legal issues for this Court to decide. | |
| General | | General failed to properly investigate the insured's claim for tile coverage, and improperly delayed and reduced policy benefits without cause. In my opinion, the delays were by design because they were inevitable: Ignoring the insured's own contractor estimate, then attempting to | Lacks foundation (FRE 705); Irrelevant (FRE 401, 402) Legal conclusion (FRE704)<br><br>Ms. Danko doesn't submit any foundation for her opinion that General ignored the estimate prepared by Plaintiff's | S/O |

| | | |
|---|---|---|
| | force non-standard "repairs" led to extensive delays. General also communicated in ways that were deceptive, misleading, false, and non-transparent. In my opinion, many of the claim handling behaviors are red flag indicators of misleading, oppressive, and punitive actions in the claim handling process. (Danko Decl. ¶ 37) | contractor, or that the proposed repair strategy was "non-standard."<br><br>Ms. Danko's opinions are irrelevant and lack foundation as to whether the proposed repair strategies comply with the Policy and pertinent insurance regulations. Danko's opinions are irrelevant as to this Court's interpretation of the contract language as applied to the facts. "[O]pinion evidence is completely irrelevant to interpret an insurance contract." *Quan v. Truck Ins. Exchg.*, 67 Cal. App. 4th 583, 602 (1996) (opinion testimony on coverage is irrelevant). The Court will interpret the Policy. *Waller v. Truck Ins. Exchg.*, 11 Cal. 4th 11, 18 (1995). Like contract and policy interpretation, statutory and regulatory interpretation is a question of law. *Suman v. BMW of North America, Inc.*, 23 Cal. App. 4th 1, 9 (1994); *Bates v. Poway Unified School Dist.*, 83 Cal. App. 5th 907, 920-921 (2022). | |

| | | Ms. Danko's opinion appears to consist entirely of conclusory opinions on the ultimate legal issues for this Court to decide. | |
|---|---|---|---|
| General | Based on my review of the claim documents, my experience, training, and knowledge, it is my opinion that General Insurance handled the claim unreasonably, unfairly, and not in accordance with industry customs, practices, or Standard of Care. General disregarded information that it was not possible to find matching tiles to restore the home to its pre-loss condition, and instead twisted a misleading narrative in its favor to willfully deny benefits owed. (Danko Decl. ¶ 38) | Lacks foundation (FRE 705); Irrelevant (FRE 401, 402) Legal conclusion (FRE 704)<br><br>Ms. Danko fails to provide the foundation for why General is obligated to provide a repair strategy that includes "matching tiles." Further, Ms. Danko's opinions regarding "industry customs, practices, or Standard of Care" are irrelevant as to whether the proposed repair strategies comply with the Policy and pertinent insurance regulations. Danko's opinions are irrelevant as to this Court's interpretation of the contract language as applied to the facts. "[O]pinion evidence is completely irrelevant to interpret an insurance contract." *Quan v. Truck Ins. Exchg.*, 67 Cal. App. 4th 583, 602 (1996) (opinion testimony on coverage is irrelevant). | S/O |

| | | The Court will interpret the Policy. *Waller v. Truck Ins. Exchg.*, 11 Cal. 4th 11, 18 (1995). Like contract and policy interpretation, statutory and regulatory interpretation is a question of law. *Suman v. BMW of North America, Inc.*, 23 Cal. App. 4th 1, 9 (1994); *Bates v. Poway Unified School Dist.*, 83 Cal. App. 5th 907, 920-921 (2022). Ms. Danko's opinion appears to consist entirely of conclusory opinions on the ultimate legal issues for this Court to decide. | |
| --- | --- | --- | --- |
| | **Objections to Declaration of Tim Howard ("Howard Decl.") (Exhibits A-B)** | | |
| General | Additionally, an attempt to remove an existing tile from under the refrigerator and using that tile in place of the of the damaged tile will not work for 2 reasons:<br>a. Removing an installed tile with thinset and mortar bed will most likely break and or chip the tile being removed… | Lacks foundation (FRE 705)<br><br>Mr. Howard does not provide the basis as to why removing and installing tile with thinset and mortar bed would most likely break and or chip the tile. | S/O |
| General | b. Since the tile is installed in a herringbone pattern, obtaining a full tile will be impossible as all the tiles that are installed under the kitchen cabinets still | Irrelevant (FRE 401; 402); Lacks foundation (FRE 705); Legal conclusion (FRE 704) | S/O |

have exposure in the kitchen area beyond the kitchen cabinet. Thus, if a tile is successfully removed intact, the replacement of that tile will have to be replaced with a tile that is not within a reasonable and uniform appearance and it will be visible in the open area. Any attempt to obtain a tile from the border behind the refrigerator and/or cabinet will certainly cause damage to the tiles being removed, and the adjacent tiles as well. (Howard Decl. ¶ 9 b.)

Mr. Howard's opinion ignores his own photos which show that in some areas, the tiles are installed parallel to the wall, and not in a herringbone pattern. (*See* Howard Decl., Exhibit B, pp. 5-9).

Further, Mr. Howard's opinions are irrelevant and lack foundation as to whether the proposed repair strategies comply with the Policy and pertinent insurance regulations. Mr. Howard's opinions are irrelevant as to this Court's interpretation of the contract language as applied to the facts.  "[O]pinion evidence is completely irrelevant to interpret an insurance contract." *Quan v. Truck Ins. Exchg.,* 67 Cal. App. 4th 583, 602 (1996) (opinion testimony on coverage is irrelevant). The Court will interpret the Policy. *Waller v. Truck Ins. Exchg.*, 11 Cal. 4th 11, 18 (1995). Like contract and policy interpretation, statutory and regulatory interpretation is a question of law.  *Suman v. BMW of North America, Inc.*, 23 Cal. App. 4th 1, 9 (1994);

| | | | |
|---|---|---|---|
| | | *Bates v. Poway Unified School Dist.*, 83 Cal. App. 5th 907, 920-921 (2022). | |
| General | The tile flooring was installed over a mortar bed which will need to be removed and replaced as the removal of the tile flooring will affect the integrity of the mortar bed. As such, the repair method suggested by Blake Services, Inc. will not take the property back to its pre-loss condition. (Howard Decl. ¶ 10) | Irrelevant (FRE 401; 402); Lacks foundation (FRE 705); Legal conclusion (FRE 704) Mr. Howard does not provide the basis for how "the integrity of the mortar bed" will be affected by removing tiles. Mr. Howard's opinions pertaining to "pre-loss condition" are irrelevant and lack foundation as to whether the proposed repair strategies comply with the Policy and pertinent insurance regulations. Mr. Howard's opinions are irrelevant as to this Court's interpretation of the contract language as applied to the facts.  "[O]pinion evidence is completely irrelevant to interpret an insurance contract." *Quan v. Truck Ins. Exchg.,* 67 Cal. App. 4th 583, 602 (1996) (opinion testimony on coverage is irrelevant). The Court will interpret the Policy. *Waller v. Truck Ins. Exchg.*, 11 Cal. 4th 11, 18 (1995). Like contract and policy interpretation, statutory | S/O |

| | | and regulatory interpretation is a question of law. *Suman v. BMW of North America, Inc.*, 23 Cal. App. 4th 1, 9 (1994); *Bates v. Poway Unified School Dist.*, 83 Cal. App. 5th 907, 920-921 (2022). | |
| General | The detaching and resetting of the kitchen cabinets may be warranted by another vendor as cabinets were installed on top of the kitchen cabinets. (Howard Decl. ¶ 11) | Irrelevant (FRE 401; 402); Lacks foundation (FRE 705)<br><br>Mr. Howard's opinion regarding vendors to remove kitchen cabinets appears to ignore – i.e. misstates submitted evidence - that General's proposed repair/estimate included cabinet/appliance detachment/resetting. | S/O |
| General | Nonetheless, should this approach be put into action, it would unveil the incongruent tile floors, which could become conspicuous if Plaintiff chooses to reconfigure either the floor layout or the kitchen area. (Howard Decl. ¶ 12) | Irrelevant (FRE 401; 402); Lacks foundation (FRE 705)<br>Mr. Howard's speculative opinion appears to ignore that Plaintiff's floor already has incongruent patterns and grout.  (*See* Howard Decl., Exhibit B, pp. 5-9). | S/O |
| General | Based on the photos from the reports from Blake Services, Inc. I find that one of the tile options presented by Blake Services, Inc. was similar, but | Lacks foundation (FRE 705); Irrelevant (FRE 401, 402); Legal conclusion (FRE 704) | S/O |

| | | |
|---|---|---|
| not within a reasonable and uniform appearance. One can easily see the tiles are noticeably different. (Howard Decl. ¶ 13) | Mr. Howard does not provide the basis for how he finds the tiles to be "noticeably different." He does not indicate which photos in the Blake Services Inspection Report (there are 12) he is referring to, so it is impossible to know which photos are the basis of this conclusion. | |
| | Mr. Howard's opinion pertaining to "reasonable and uniform appearance" lacks foundation and is irrelevant as to whether the proposed repair strategies comply with the Policy and pertinent insurance regulations. Mr. Howard's opinions are irrelevant as to this Court's interpretation of the contract language as applied to the facts. "[O]pinion evidence is completely irrelevant to interpret an insurance contract." *Quan v. Truck Ins. Exchg.*, 67 Cal. App. 4th 583, 602 (1996) (opinion testimony on coverage is irrelevant). | |
| | The Court will interpret the Policy. *Waller v. Truck Ins. Exchg.*, 11 Cal. 4th 11, 18 (1995). Like contract and policy | |

| | | interpretation, statutory and regulatory interpretation is a question of law. *Suman v. BMW of North America, Inc.*, 23 Cal. App. 4th 1, 9 (1994); *Bates v. Poway Unified School Dist.*, 83 Cal. App. 5th 907, 920-921 (2022). | |
|---|---|---|---|
| General | On September 27, 2023, I took another tile sample to Plaintiffs property that was also similar to the existing tile, but it too was not within a reasonable and uniform appearance. (Howard Decl. ¶ 14) | Lacks foundation (FRE 705); Irrelevant (FRE 401, 402); Legal conclusion (FRE 704)<br><br>Mr. Howard does not provide photos of the tile sample that forms the basis of his opinion.<br><br>Mr. Howard's opinion pertaining to "reasonable and uniform appearance" lacks foundation and is irrelevant as to whether the proposed repair strategies comply with the Policy and pertinent insurance regulations. Mr. Howard's opinions are irrelevant as to this Court's interpretation of the contract language as applied to the facts. "[O]pinion evidence is completely irrelevant to interpret an insurance contract." *Quan v. Truck Ins. Exchg.*, 67 Cal. App. 4th 583, 602 (1996) | S/O |

| | | | |
|---|---|---|---|
| | | (opinion testimony on coverage is irrelevant). The Court will interpret the Policy. *Waller v. Truck Ins. Exchg.*, 11 Cal. 4th 11, 18 (1995). Like contract and policy interpretation, statutory and regulatory interpretation is a question of law. *Suman v. BMW of North America, Inc.*, 23 Cal. App. 4th 1, 9 (1994); *Bates v. Poway Unified School Dist.*, 83 Cal. App. 5th 907, 920-921 (2022). | |
| General | Based on my expert opinion, all the tiles on the first floor of the subject property should be removed and replaced in order to have the uniform appearance it did prior to this loss. It is not within industry standards to install different colored tiles in a home, especially when the original purpose of the installation was to have that uniform look and appearance. (Howard Decl. ¶ 15) | Lacks foundation (FRE 705); Irrelevant (FRE 401, 402); Legal conclusion (FRE 704)<br><br>Mr. Howard fails to provide the foundation as to how the proposed repair methodology does not meet industry standards; no backup, data, or evidence of such industry standards is presented.<br><br>Mr. Howard's opinion pertaining to the pre-loss appearance of the first-floor of the home lacks foundation and is irrelevant as to whether the proposed repair strategies comply with | S/O |

| | | the Policy and pertinent insurance regulations. Mr. Howard's opinions are irrelevant as to this Court's interpretation of the contract language as applied to the facts. "[O]pinion evidence is completely irrelevant to interpret an insurance contract." *Quan v. Truck Ins. Exchg.*, 67 Cal. App. 4th 583, 602 (1996) (opinion testimony on coverage is irrelevant). The Court will interpret the Policy. *Waller v. Truck Ins. Exchg.*, 11 Cal. 4th 11, 18 (1995). Like contract and policy interpretation, statutory and regulatory interpretation is a question of law. *Suman v. BMW of North America, Inc.*, 23 Cal. App. 4th 1, 9 (1994); *Bates v. Poway Unified School Dist.*, 83 Cal. App. 5th 907, 920-921 (2022). | |
| **Objections to Declaration of Christopher Croisdale ("Croisdale Decl.") (Exhibits A-B)** | | | |
| General | It is my expert opinion that this scope of loss (Exhibit B) portrays the necessary repairs that need to be made in order to return Plaintiff's property to the condition that it was in prior to the damage resulting from the August 27, 2021 | Lacks foundation (FRE 705); Irrelevant (FRE 401, 402); Legal conclusion (FRE 704); Inadmissible expert opinion (FRE 702) | S/O |

| | burglary. (Croisdale Decl. ¶ 12) | Mr. Croisdale fails to provide the foundation as to how the proposed repair methodology does not meet industry standards; no backup, data, or evidence of such industry standards is presented.<br><br>Mr. Croisdale's opinion pertaining to the "return [of] Plaintiff's property to the condition that it was in prior to the damage" lacks foundation and is irrelevant as to whether the proposed repair strategies comply with the Policy and pertinent insurance regulations. Mr. Croisdale's opinions are irrelevant as to this Court's interpretation of the contract language as applied to the facts. "[O]pinion evidence is completely irrelevant to interpret an insurance contract." *Quan v. Truck Ins. Exchg.*, 67 Cal. App. 4th 583, 602 (1996) (opinion testimony on coverage is irrelevant). The Court will interpret the Policy. *Waller v. Truck Ins. Exchg.*, 11 Cal. 4th 11, 18 (1995). Like contract and policy interpretation, statutory and regulatory | |

| | | interpretation is a question of law. *Suman v. BMW of North America, Inc.*, 23 Cal. App. 4th 1, 9 (1994); *Bates v. Poway Unified School Dist.*, 83 Cal. App. 5th 907, 920-921 (2022). | |
|---|---|---|---|
| General | Replacing only two (or a few) tiles would not be adequate as the tiles would not create a reasonable uniform appearance with the remaining continuous tile flooring in the subject property. The new tiles would be noticeable under normal lighting conditions. This repair method would fall far below the standard of care within the construction and flooring industries. (Croisdale Decl. ¶ 13) | Lacks foundation (FRE 705); Irrelevant (FRE 401, 402); Legal conclusion (FRE 704); Inadmissible expert opinion (FRE 702)<br><br>Mr. Croisdale fails to provide the foundation as to how the proposed repair methodology does not meet industry standards; no backup, data, or evidence of such industry standards is presented.<br><br>Mr. Croisdale's opinion pertaining to the "return [of] Plaintiff's property to the condition that it was in prior to the damage" lacks foundation and is irrelevant as to whether the proposed repair strategies comply with the Policy and pertinent insurance regulations. Mr. Croisdale's opinions are irrelevant as to this Court's interpretation of the contract language as | S/O |

| | | applied to the facts. "[O]pinion evidence is completely irrelevant to interpret an insurance contract." *Quan v. Truck Ins. Exchg.*, 67 Cal. App. 4th 583, 602 (1996) (opinion testimony on coverage is irrelevant). The Court will interpret the Policy. *Waller v. Truck Ins. Exchg.*, 11 Cal. 4th 11, 18 (1995). Like contract and policy interpretation, statutory and regulatory interpretation is a question of law. *Suman v. BMW of North America, Inc.*, 23 Cal. App. 4th 1, 9 (1994); *Bates v. Poway Unified School Dist.*, 83 Cal. App. 5th 907, 920-921 (2022). | |
| General | It is also my expert opinion that it is not possible to remove the tile flooring from underneath the subzero or cabinets without breaking the tiles and/or the surrounding/adjacent tiles. Any such attempt would create further damage to the property and the tile floors therein. Additionally, if this method were to be implemented, the mismatched tile floors would be exposed and noticeable if the current homeowner (or any future individual who may own the home) ever decides to | Lacks foundation (FRE 705); Inadmissible expert opinion (FRE 702) Mr. Croisdale does not provide support for his opinion that it is not possible to remove the floor tiles without causing damage to the property. Mr. Howard's speculative opinion regarding Plaintiff's inability to "reorganize the floorplan" appears to ignore that Plaintiff's | S/O |

| | | | |
|---|---|---|---|
| | reorganize the floorplan of the subject property and/or the kitchen. (Croisdale Decl. ¶ 14) | floor already has incongruent patterns and grout.  (*See*, *e.g.*, Howard Decl., Exhibit B, pp. 5-9). | |
| General | I have reviewed documents prepared by General and Blake Services, Inc. which have contradictory information contained within them. According to the California State License Board, Blake Services, Inc. has license number #606248 which does not carry Workman's Compensation Insurance. Blake Services, Inc. lists this number in their original report. (Croisdale Decl. ¶ 15) | Irrelevant  (FRE 401, 402)<br><br>Potential typographical errors in the Blake Services report have no bearing on General's Motion. | S/O |
| General | Blake Services, Inc. on their repair estimate not only lists this number but an additional contractor's number of #384910 issued to Blake Enterprises which does carry Workman's Compensation Insurance. (Croisdale Decl. ¶ 16) | Irrelevant  (FRE 401, 402)<br><br>Potential typographical errors in the Blake Services report have no bearing on General's Motion. | S/O |
| General | Blake Enterprises name is not mentioned in either the report or the repair estimate. To have one corporation listing another corporation's license on its estimate and the corporation providing the estimate for repairs which will obviously take labor but does not carry Workman's Compensation Insurance is misleading and | Irrelevant  (FRE 401, 402)<br><br>Potential typographical errors in the Blake Services report have no bearing on General's Motion. | S/O |

| | | | |
|---|---|---|---|
| | | deceiving. (Croisdale Decl. ¶ 17) | |
| General | It's apparent that Plaintiff in this lawsuit has been significantly underpaid for the dwelling repairs portion of his insurance claim in connection with the August 27, 2021 burglary. (Croisdale Decl. ¶ 18) | Irrelevant (FRE 401, 402); Legal conclusion (FRE 704); Lacks foundation (FRE 705)<br><br>Mr. Croisdale's opinions regarding whether Plaintiff has been underpaid is irrelevant as to whether the proposed repair strategies comply with the Policy and pertinent insurance regulations. Mr. Croisdale's opinions are irrelevant as to this Court's interpretation of the contract language as applied to the facts. "[O]pinion evidence is completely irrelevant to interpret an insurance contract." *Quan v. Truck Ins. Exchg.*, 67 Cal. App. 4th 583, 602 (1996) (opinion testimony on coverage is irrelevant).<br><br>The Court will interpret the Policy. *Waller v. Truck Ins. Exchg.*, 11 Cal. 4th 11, 18 (1995). Like contract and policy interpretation, statutory and regulatory interpretation is a question of law. *Suman v. BMW of North America, Inc.*, 23 Cal. App. 4th 1, 9 (1994); | S/O |

| | | | |
|---|---|---|---|
| | | *Bates v. Poway Unified School Dist.*, 83 Cal. App. 5th 907, 920-921 (2022).<br><br>Mr. Croisdale's opinion appears to consist entirely of conclusory opinions on the ultimate legal issues for this Court to decide. | |
| | **Objection to Declaration of Vahe Khachunts ("Khachunts Decl.")** | | |
| General | As such, at the time of the incident, the policy was in full force and effect at the time of the incident and included coverage for my residence. (Khachunts Decl. ¶ 4.) | Lacks foundation (FRE 602); inadmissible lay opinion (FRE 701); legal conclusion (FRE 704).<br><br>Plaintiff has not established that he has actually read his policy and therefore lacks personal knowledge to competently testify as to the coverages that may or may not be available under General policy number OY7997387. Plaintiff is testifying as a lay witness yet offers an opinion based on specialized knowledge with respect to a contract being in "full force and effect." Such testimony expressing a legal conclusion is not "helpful" to the jury for purposes of admissibility under FRE 701 and is therefore inadmissible lay opinion. *Nationwide Transports Finance v. Cass* | S/O |

| | | *Information Systems, Inc.*, 523 F. 3d 1051, 1059-1060 (9th Cir. 2008). | |
|---|---|---|---|
| General | Regrettably, I was informed by Apres Tiles that the manufacturer of these tiles had ceased operations, rendering any further acquisition of matching tiles unfeasible. (Khachunts Decl. ¶ 9.) | Lacks foundation (FRE 602); inadmissible hearsay (FRE 802).<br><br>Plaintiff is attempting to use Apres Tiles' out-of-court statement to support his contention that identical tiles to the tiles in his home are no longer available.  This is hearsay without an exception and is therefore inadmissible.<br><br>Plaintiff's statement that locating matching tiles is "unfeasible" lacks foundation to the extent he does not contend he searched for identical tiles with any other retailer. | S/O |
| General | Calstar Restoration indicated to me that the only viable resolution was to replace all the tiles on the first floor because it would not be possible to establish a reasonable uniform appearance in my home with a repair. (Khachunts Decl. ¶ 11.) | Inadmissible expert opinion (FRE 702); inadmissible hearsay (FRE 802); legal conclusion (FRE 704).<br><br>Plaintiff has failed to provide any foundation as to Calstar Restoration's qualification as  a construction expert, let alone a tile expert.  Calstar Restoration's opinion as to the repairability of Plaintiff's tile floor is therefore inadmissible expert opinion.  *Daubert* | S/O |

| | | |
|---|---|---|
| | | *v. Merrell Dow Pharma., Inc.*, 509 U.S. 579 (1993).<br><br>Regardless, Calstar Restoration's alleged statement to Plaintiff about the non-repairability of Plaintiff's tile floors is hearsay without an exception and is inadmissible for this reason as well.<br><br>Finally, Plaintiff inappropriately offers Calstar Restoration's alleged statement to support a legal conclusion that a repair of his tile floors cannot achieve a "reasonably uniform appearance." *Quan v. Truck Ins. Exchg.*, 67 Cal. App. 4th 583, 602 (1996) (opinion testimony on coverage is irrelevant); *Waller v. Truck Ins. Exchg.*, 11 Cal. 4th 11, 18 (1995) (court will interpret the Policy). *Suman v. BMW of North America, Inc.*, 23 Cal. App. 4th 1, 9 (1994) (like contract and policy interpretation, statutory and regulatory interpretation is a question of law); *Bates v. Poway Unified School Dist.*, 83 Cal. App. 5th 907, 920-921 (2022). |

| | General | This repair method would not take my property back to its pre-loss condition. (Khachunts Decl. ¶ 17.) | Lacks foundation (FRE 602); inadmissible lay opinion (FRE 701); legal conclusion (FRE 704).<br><br>Plaintiff has not established that he has actually read the California claims regulations, and therefore knows the meaning of "pre-loss condition."<br><br>Plaintiff is testifying as a lay witness yet offers an opinion based on specialized knowledge with respect to a "pre-loss condition." Testimony expressing a legal conclusion is not "helpful" to the jury for purposes of admissibility under FRE 701 and is therefore inadmissible lay opinion. *Nationwide Transports Finance v. Cass Information Systems, Inc.*, 523 F. 3d 1051, 1059-1060 (9th Cir. 2008).<br><br>Likewise, Plaintiff has not established that he is a tile expert with specialized knowledge as to the repair methodology at-issue in this lawsuit.   Thus, his opinion that the repair method would not restore his tile floor to its pre-loss condition inadmissible | S/O |

| | | expert opinion. *Daubert v. Merrell Dow Pharma., Inc.*, 509 U.S. 579 (1993). | |
|---|---|---|---|
| General | Additionally, if I ever choose to sell the home, I would have to disclose to potential buyers that I have different colored tiles under the refrigerator, which will likely discourage a buyer or trigger price reductions and/or additional negotiations during escrow. (Khachunts Decl. ¶ 18.) | Irrelevant and prejudicial (FRE 401; 402); lacks foundation (FRE 602); inadmissible lay opinion (FRE 701); legal conclusion (FRE 704).

Plaintiff speculates that a potential buyer would pay a lower price if Plaintiff was obligated to disclose the repair during the sale. The potential prejudice of Plaintiff's speculation far outweighs its probative value, especially in light that Plaintiff's statement does not account for the current market conditions if and when he decides to sell his home.

Plaintiff also is testifying as a lay witness yet offers an opinion based on specialized knowledge as to what he might legally need to disclose if he chooses to sell his home. Testimony expressing a legal conclusion is not "helpful" to the jury for purposes of admissibility under FRE 701 and is therefore inadmissible lay opinion. *Nationwide Transports Finance v. Cass Information Systems,* | S/O |

| | | | |
|---|---|---|---|
| | | *Inc.*, 523 F. 3d 1051, 1059-1060 (9th Cir. 2008). | |
| General | General refused to consider the above information when I presented them with the issues outlined above. It seemed all they cared about was to further their financial gains and pay as little as possible for the repairs to my home. This was not the type of conduct I expected from my own insurance company. General did not uphold its end of the bargain with respect to my homeowner's insurance policy. (Khachunts Decl. ¶ 19.) | Irrelevant and prejudicial (FRE 401; 402); inadmissible character evidence (FRE 404); lacks foundation (FRE 602); inadmissible lay opinion (FRE 701).

Plaintiff attempts to prove General breached the terms of the Policy and acted in bad faith through the use of inadmissible character evidence. *United States v. Lynch*, 437 F. 3d 902, 913-915 (character evidence is not admissible when offered "to prove that on a particular occasion the person acted in accordance with the character or trait.") Plaintiff's statement is irrelevant and prejudicial for the same reason.

Plaintiff's statement also lacks foundation to the extent he has not established he read the terms of his policy.  Thus, he is left to speculate as to whether General "upheld its end of the bargain."

Plaintiff is testifying as a lay witness yet offers an | S/O |

| | | | |
|---|---|---|---|
| | | opinion based on specialized knowledge with respect to General meeting its obligations under the policy.  Such testimony expressing a legal conclusion is not "helpful" to the jury for purposes of admissibility under FRE 701 and is therefore inadmissible lay opinion.  *Nationwide Transports Finance v. Cass Information Systems, Inc.*, 523 F. 3d 1051, 1059-1060 (9th Cir. 2008). | |
| General | I have refrained from replacing these stolen items out of concern that the funds allocated by General for their replacement may ultimately be required to address the complete restoration of my flooring, especially if General persists in denying full settlement/payment of my insurance claim. (Khachunts Decl. ¶ 20.) | Irrelevant and prejudicial (FRE 401; 402); inadmissible character evidence (FRE 404); lacks foundation (FRE 602); inadmissible lay opinion (FRE 701). <br><br> Plaintiff attempts to prove General breached the terms of the Policy and acted in bad faith through the use of inadmissible character evidence. *United States v. Lynch*, 437 F. 3d 902, 913-915 (character evidence is not admissible when offered "to prove that on a particular occasion the person acted in accordance with the character or trait.") Plaintiff's statement is | S/O |

| | | | |
|---|---|---|---|
| | | irrelevant and prejudicial for the same reason.

Plaintiff's statement also lacks foundation to the extent he has not established he read the terms of his policy.  Thus, he left to speculate as to whether General paid the full amount owed under the policy for his claim.

Plaintiff is testifying as a lay witness yet offers an opinion based on specialized knowledge with respect to General meeting its obligations under the policy.  Such testimony expressing a legal conclusion is not "helpful" to the jury for purposes of admissibility under FRE 701 and is therefore inadmissible lay opinion. *Nationwide Transports Finance v. Cass Information Systems, Inc.*, 523 F. 3d 1051, 1059-1060 (9th Cir. 2008). | |
| General | Throughout the entirety of this ordeal, General exhibited a marked lack of professionalism and empathy towards me and my wife. Their conduct was unfair, oppressive, malicious, fraudulent, and in bad faith. They used deceptive tactics with me and continuously | Irrelevant and prejudicial (FRE 401; 402); inadmissible character evidence (FRE 404); lacks foundation (FRE 602); inadmissible lay opinion (FRE 701). | S/O |

| | | |
|---|---|---|
| made misrepresentation regarding their obligations under my insurance policy, insurance regulations, codes and the Fair Claims Settlement Practices Regulations. At no point did General earnestly engage in fact-finding or exhibit a willingness to accommodate our legitimate concerns, seemingly intent on offering minimal compensation for the claim. (Khachunts Decl. ¶ 21.) | Plaintiff attempts to prove General breached the terms of the Policy and acted in bad faith through the use of inadmissible character evidence. *United States v. Lynch*, 437 F. 3d 902, 913-915 (character evidence is not admissible when offered "to prove that on a particular occasion the person acted in accordance with the character or trait.") Plaintiff's statement is irrelevant and prejudicial for the same reason.<br><br>Plaintiff is testifying as a lay witness yet offers an opinion based on specialized knowledge with respect to whether General acted with malice, oppression, or fraud as required by Cal. Civ. Code section 3294. Such testimony expressing a legal conclusion is not "helpful" to the jury for purposes of admissibility under FRE 701 and is therefore inadmissible lay opinion. *Nationwide Transports Finance v. Cass Information Systems, Inc.*, 523 F. 3d 1051, 1059-1060 (9th Cir. 2008). | |

| General | At the time of the occurrence, my wife was three months pregnant. Subsequently, my wife experienced a miscarriage, a devastating event which later on led to two more miscarriages. (Khachunts Decl. ¶ 22.) | Irrelevant and prejudicial (FRE 401; 402); lacks foundation (FRE 602); inadmissible lay opinion (FRE 701).<br><br>While tragic, the miscarriages are irrelevant to Plaintiff's breach of contract and bad faith claims against General. This statement is extremely prejudicial and outweighs any probative value since it has the potential to inflame the jury by asking it to draw an inaccurate inference that General somehow caused the miscarriage. Similarly, Plaintiff is testifying as a lay witness but is offering an opinion as medical expert as to the potential cause of miscarriages. | S/O |
| --- | --- | --- | --- |
| General | General's response to our situation was characterized by a lack of willingness to provide adequate assistance. Instead, they perpetuated unjustified delays and failed to fulfill their obligations by withholding the full extent of the policy benefits rightfully due under the terms of the policy. (Khachunts Decl. ¶ 23.) | Irrelevant and prejudicial (FRE 401; 402); inadmissible character evidence (FRE 404); lacks foundation (FRE 602); inadmissible lay opinion (FRE 701).<br><br>Plaintiff attempts to prove General breached the terms of the Policy and acted in bad faith through the use of inadmissible character evidence. *United States v. Lynch*, | S/O |

| | | | |
|---|---|---|---|
| | | 437 F. 3d 902, 913-915 (character evidence is not admissible when offered "to prove that on a particular occasion the person acted in accordance with the character or trait.") Plaintiff's statement is irrelevant and prejudicial for the same reason.<br><br>Plaintiff is testifying as a lay witness yet offers an opinion based on specialized knowledge with respect to General's contractual obligations under the policy.  Such testimony expressing a legal conclusion is not "helpful" to the jury for purposes of admissibility under FRE 701 and is therefore inadmissible lay opinion.  *Nationwide Transports Finance v. Cass Information Systems, Inc.*, 523 F. 3d 1051, 1059-1060 (9th Cir. 2008). | |
| General | The loss of use of portions of our primary residence has caused a serious inconvenience both financially and emotionally. General truly tested our patience and left us hanging. We have had to look at the damaged tiles in our kitchen every single day for past two years and relive the | Irrelevant and prejudicial (FRE 401; 402); inadmissible character evidence (FRE 404); lacks foundation (FRE 602); inadmissible lay opinion (FRE 701).<br><br>Plaintiff attempts to prove General breached the | S/O |

| | | | |
|---|---|---|---|
| | nightmare over and over again. General does not seem to care. (Khachunts Decl. ¶ 25.) | terms of the Policy and acted in bad faith through the use of inadmissible character evidence. *United States v. Lynch*, 437 F. 3d 902, 913-915 (character evidence is not admissible when offered "to prove that on a particular occasion the person acted in accordance with the character or trait.") Plaintiff's statement is irrelevant and prejudicial for the same reason.<br><br>Plaintiff's statement about "serious inconvenience both financially and economically" lacks foundation and therefore is prejudicial.  Plaintiff fails to offer any evidence that he has incurred financial consequence because of the damaged tile floors, let alone how two chipped tiles has caused the "loss of use of portions of our primary residence." | |
| General | I have authorized my attorney, Zareh Keosian, to ask Mr. Zane Street to come to our house to remove the tiles under the refrigerator without breaking them and to perform the work pursuant to both of his reports. It is my understanding that he has not responded to | Irrelevant and prejudicial (FRE 401; 402; 403); lacks foundation (FRE 602); .<br><br>Whether Zane Street is willing to repair Plaintiff's floors after Plaintiff attempted to bring him | S/O |

| | | | |
|---|---|---|---|
| | correspondence from Mr. Keosian and has recently testified under oath (during his deposition) that he is unwilling to do the work as outlined in his and Blake Services' reports. (Khachunts Decl. ¶ 26.) | into this lawsuit as a defendant is irrelevant to the claims against General.<br><br>Any possible probative value of Mr. Street's willingness to repair the floors after all that has transpired is also substantially outweighed by this statement's potential prejudice, propensity to mislead the court, and likelihood that it will waste time.<br><br>Plaintiff's statement also lacks foundation as Plaintiff did not state that he attended Mr. Street's deposition, or that he read the transcript of Mr. Street's deposition. | |
| General | I have also authorized my attorney, Zareh Keosian, to ask Mr. Ralph Padilla to come to our house to remove the tiles under the refrigerator without breaking them and to perform the work pursuant to the two reports written by Zane Street/Blake Services. It is my understanding that he has emailed Mr. Keosian and declined to do the work. (Khachunts Decl. ¶ 27.) | Irrelevant and prejudicial (FRE 401; 402; 403); lacks foundation (FRE 602).<br><br>Whether Ralph Padilla is willing to repair Plaintiff's floors after Plaintiff attempted to bring him into this lawsuit as a defendant is irrelevant to the claims against General.<br><br>Any possible probative value of Mr. Padilla's willingness to repair the | S/O |

| | | | floors after all that has transpired is also substantially outweighed by this statement's potential prejudice, propensity to mislead the court, and likelihood that it will waste time.<br><br>Plaintiff's statement also lacks foundation as he does not state that he was copied on any of the correspondence to Mr. Padilla or otherwise has personal knowledge of it. As Plaintiff states, it is simply his understanding. | |
|---|---|---|---|---|
| | General | I have also authorized my attorney, Zareh Keosian, to ask Blake Services to come to our house to remove the tiles under the refrigerator without breaking them and to perform the work pursuant to the two reports written by Zane Street/Blake Services. It is my understanding that Blake Services has not responded to any of the correspondence (letter sent via FedEx, emails, and website submission request) Mr. Keosian sent to them. (Khachunts Decl. ¶ 28.) | Irrelevant and prejudicial (FRE 401; 402; 403); lacks foundation (FRE 602).<br><br>Whether Blake Services is willing to repair Plaintiff's floors after Plaintiff attempted to bring it into this lawsuit as a defendant is irrelevant to the claims against General.<br><br>Any possible probative value of Blake Services' willingness to repair the floors after all that has transpired is also substantially outweighed by this statement's potential prejudice, propensity to mislead the | S/O |

| | | court, and likelihood that it will waste time.<br><br>Plaintiff's statement also lacks foundation as he does not state that he was copied on any of the correspondence to Blake Services or otherwise has personal knowledge of it. As Plaintiff states, it is simply his understanding. | |
|---|---|---|---|
| **Objection to Declaration of Zareh Keosian ("Keosian Decl.") (Exhibits D, E, and G)** | | | |
| General | On or about September 12, 2023, I emailed, sent a letter via FedEx, and made a website submission request to Blake Services, Inc. to inquire whether they are willing to come to Plaintiff's residence to remove the tiles under the refrigerator without breaking them and to perform the work pursuant to the two reports written by them and Mr. Street. The following day, my paralegal, sent a follow up email to Blake Services, including their office administrator, Jill. On or about September 18, 2023, my paralegal sent a second follow up email. Blake Services has not responded to any of my correspondence. (Keosian Decl. ¶ 28.) | Irrelevant, prejudicial, waste of time (FRE 401; 402; 403).<br><br>Whether Blake Services is willing to repair Plaintiff's floors after Plaintiff attempted to bring it into this lawsuit as a defendant is irrelevant to the claims against General.<br><br>Any possible probative value of Blake Services' willingness to repair the floors after all that has transpired is also substantially outweighed by this statement's potential prejudice, propensity to mislead the court, and likelihood that it will waste time. | S/O |
| General | Exhibit D – email from Zareh Keosian to Blake Services, Inc. (Keosian Decl. ¶ 6.) | Irrelevant and prejudicial (FRE 401; 402; 403); | S/O |

inadmissible hearsay (FRE 802).

Whether Blake Services is willing to repair Plaintiff's floors after Plaintiff attempted to bring it into this lawsuit as a defendant is irrelevant to the claims against General.

Any possible probative value of Blake Services' willingness to repair the floors after all that has transpired is also substantially outweighed by this email's potential prejudice, propensity to mislead the court, and likelihood that it will waste time.

Further, Exhibit D is not a business record for purposes of admission under FRE 803(6) since it was prepared for purposes of this litigation. *Palmer v. Hoffman*, 318 U.S. 109, 113 (1943) (court properly barred defendant railroad from introducing engineer's internal accident report because the report was prepared in anticipation of litigation); *Sana v. Hawaiian Cruises, Ltd.*, 181 F. 3d 1041, 1047 (9th Cir. 1999) ("Courts are rightfully wary when

| | | parties create self-serving documents and seek to offer them as business records."); *Paddack v. Dave Christensen, Inc.*, 745 F.2d 1254, 1258 (9th Cir. 1984) ("Even if we were to say that the audit reports were Touche Ross' business records, the district court's finding that they were prepared in anticipation of litigation precludes their admission."); *Duncan v. Woodford*, No. CV 92-1403 AHS, 2003 WL 27388812, at *10 (C.D. Cal. Dec. 24, 2003). | |
|---|---|---|---|
| General | On or about September 19, 2023, I emailed Mr. Zane Street to inquire whether he was willing to come to Plaintiff's residence to remove the tiles under the refrigerator without breaking them and to perform the work pursuant to both of his reports. Mr. Street did not respond to any of my correspondence. (Keosian Decl. ¶ 7.) | Irrelevant and prejudicial (FRE 401; 402; 403).

Whether Zane Street is willing to repair Plaintiff's floors after Plaintiff attempted to bring him into this lawsuit as a defendant is irrelevant to the claims against General.

Any possible probative value of Mr. Street's willingness to repair the floors after all that has transpired is also substantially outweighed by this statement's potential prejudice, propensity to mislead the | S/O |

| | | court, and likelihood that it will waste time. | |
|---|---|---|---|
| General | Exhibit E – September 19, 2023 email from Zareh Keosian to Zane Street. (Keosian Decl. ¶ 8.) | Irrelevant and prejudicial (FRE 401; 402; 403); inadmissible hearsay (FRE 802). | S/O |
| | | Whether Zane Street is willing to repair Plaintiff's floors after Plaintiff attempted to bring it into this lawsuit as a defendant is irrelevant to the claims against General. | |
| | | Any possible probative value of Mr. Street's willingness to repair the floors after all that has transpired is also substantially outweighed by this email's potential prejudice, propensity to mislead the court, and likelihood that it will waste time. | |
| | | Further, Exhibit E is not a business record for purposes of admission under FRE 803(6) since it was prepared for purposes of this litigation. *Palmer v. Hoffman*, 318 U.S. 109, 113 (1943) (court properly barred defendant railroad from introducing engineer's internal accident report because the report was prepared in anticipation of litigation); | |

| | | | |
|---|---|---|---|
| | | *Sana v. Hawaiian Cruises, Ltd.*, 181 F. 3d 1041, 1047 (9th Cir. 1999) ("Courts are rightfully wary when parties create self-serving documents and seek to offer them as business records."); *Paddack v. Dave Christensen, Inc.*, 745 F.2d 1254, 1258 (9th Cir. 1984) ("Even if we were to say that the audit reports were Touche Ross' business records, the district court's finding that they were prepared in anticipation of litigation precludes their admission."); *Duncan v. Woodford*, No. CV 92-1403 AHS, 2003 WL 27388812, at *10 (C.D. Cal. Dec. 24, 2003). | |
| General | On or about September 21, 2023 I met with Mr. Zane Street at another inspection where he was hired by another insurance company to inspect wood floors at my client's house in Encino, CA. At the end of this meeting, I asked Mr. Street whether he received my email from September 19, 2023 attached hereto as Exhibit E. In response, Mr. Street advised me that he did receive my email and he needs to ask Mr. Ralph Padilla to see when he's willing to schedule the appointment. (Keosian Decl. ¶ 9.) | Irrelevant and prejudicial (FRE 401; 402; 403); inadmissible hearsay (FRE 802).<br><br>Whether Zane Street is willing to repair Plaintiff's floors after Plaintiff attempted to bring him into this lawsuit as a defendant is irrelevant to the claims against General.<br><br>Any possible probative value of Mr. Street's willingness to repair the floors after all that has | S/O |

| | | transpired is also substantially outweighed by this statement's potential prejudice, propensity to mislead the court, and likelihood that it will waste time. Mr. Street's alleged statement about Mr. Keosian's email and representation that he would speak to Ralph Padilla about completing the repair is also hearsay without an exception and is therefore inadmissible. | |
|---|---|---|---|
| General | On or about September 27, 2023, I emailed Mr. Ralph Padilla to inquire whether he was willing to come to Plaintiff's residence to remove the tiles under the refrigerator without breaking them and to perform the work pursuant to the two reports written by Blake Services, Inc. Mr. Padilla declined my request to do the work. (Keosian Decl. ¶ 11.) | Irrelevant and prejudicial (FRE 401; 402; 403); inadmissible hearsay (FRE 802).<br><br>Whether Ralph Padilla is willing to repair Plaintiff's floors after Plaintiff attempted to bring him into this lawsuit as a defendant is irrelevant to the claims against General.<br><br>Any possible probative value of Mr. Padilla's willingness to repair the floors after all that has transpired is also substantially outweighed by this statement's potential prejudice, propensity to mislead the court, and likelihood that it will waste time. | S/O |

| | | | |
|---|---|---|---|
| | | Mr. Padilla's alleged statement declining to repair Plaintiff's tile floors is also hearsay without an exception and is therefore inadmissible. | |
| General | Exhibit G – September 27, 2023 email chain between Zareh Keosian and Ralph Padilla. (Keosian Decl. ¶ 12.) | Irrelevant and prejudicial (FRE 401; 402; 403); inadmissible hearsay (FRE 802).<br><br>Whether Ralph Padilla is willing to repair Plaintiff's floors after Plaintiff attempted to bring it into this lawsuit as a defendant is irrelevant to the claims against General.<br><br>Any possible probative value of Mr. Padilla's willingness to repair the floors after all that has transpired is also substantially outweighed by this email's potential prejudice, propensity to mislead the court, and likelihood that it will waste time.<br><br>Further, Exhibit G is not a business record for purposes of admission under FRE 803(6) since it was prepared for purposes of this litigation. *Palmer v. Hoffman*, 318 U.S. 109, 113 (1943) (court properly barred defendant railroad | S/O |

| | | from introducing engineer's internal accident report because the report was prepared in anticipation of litigation); *Sana v. Hawaiian Cruises, Ltd.*, 181 F. 3d 1041, 1047 (9th Cir. 1999) ("Courts are rightfully wary when parties create self-serving documents and seek to offer them as business records."); *Paddack v. Dave Christensen, Inc.*, 745 F.2d 1254, 1258 (9th Cir. 1984) ("Even if we were to say that the audit reports were Touche Ross' business records, the district court's finding that they were prepared in anticipation of litigation precludes their admission."); *Duncan v. Woodford*, No. CV 92-1403 AHS, 2003 WL 27388812, at *10 (C.D. Cal. Dec. 24, 2003). <br><br>Exhibit G also contains multiple levels of hearsay. Regardless of whether the email is a business record as defined by FRE 803(6), there is no exception to Mr. Padilla's hearsay statement within the email chain declining to repair Plaintiff's tile floors. | |

Dated:   October 3, 2023                    NICOLAIDES FINK THORPE
                                            MICHAELIDES SULLIVAN LLP

                                            By:    /s/ Patricia A. Daza-Luu
                                                   Patricia A. Daza-Luu
                                                   Jacob F. Meli
                                                   Attorneys for Defendant General
                                                   Insurance Company of America

Dated:   October 3, 2023                    KEOSIAN LAW LLP

                                            By:    /s/ Zareh Jack Keosian
                                                   Harout Greg Keosian
                                                   Zareh Jack Keosian
                                                   Eileen Keusseyan
                                                   Attorneys for Plaintiff Vahe Khachunts


## **Statement of Authority to File**

Per Civil L.R. 5-4.3.4(a)(2)(i), I attest that all signatories on this document and on whose behalf the filing is submitted concur in the filing's content and have authorized the filing of this document.

Dated:  October 3, 2023

                                            By:    /s/ Patricia A. Daza-Luu
                                                   Patricia A Daza-Luu